J-A08034-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | |
|---|---|
| JOHN VINCENZI | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| ROBERT M. MORGAN AND MORGAN COMPANY AND SELECTIVE INSURANCE | |
| | No. 2108 EDA 2015 |

Appeal from the Order Entered June 11, 2015
In the Court of Common Pleas of Northampton County
Civil Division at No(s): C-0048-CV-2013-11855

BEFORE:  BOWES, OLSON AND STRASSBURGER,* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED NOVEMBER 18, 2016**

John Vincenzi appeals *pro se* from the June 11, 2015 order granting summary judgment in favor of Robert M. Morgan.[1]  After thorough review, we affirm.[2]

On November 30, 2011, Mr. Morgan was driving a truck owned by his employer Morgan Company.  The truck left the roadway, struck a concrete pillar, three parked vehicles, one of which was a truck owned by Mr.

---

[1]  Defendants Morgan Company, Robert Morgan's employer, and Selective Insurance, his insurer, were previously dismissed as parties.  Trial Court Opinion, 6/11/15, at 1 n.1.

[2] Also pending before us is Mr. Vincenzi's petition seeking permission to append documents to his brief and reproduced record concerning post-traumatic stress disorder.  **See** Petition to Append Documents to Appellant's . . . Brief and Reproduced Record . . . and Appellant's . . . Reply to Appellee Brief.  We deny the petition.

* Retired Senior Judge assigned to the Superior Court.

Vincenzi, and propelled the truck and pillar into the wall of Mr. Vincenzi's first floor kitchen. No one was injured in the apartment. At the time, Mr. Vincenzi was returning to bed after using the bathroom, and he was located in his bedroom on the second floor of the apartment directly above the kitchen. He heard the impacts, felt the building shake, and "feared that an earthquake had occurred." Opposition to Motion for Summary Judgment, 4/15/15, at ¶15. Mr. Vincenzi "knew that something had hit in the front of the building and caused some serious destruction." *Id*. According to Mr. Vincenzi, "When I looked out the front window, my fears were confirmed." *Id*.

Mr. Vincenzi commenced this action seeking recovery for negligent infliction of emotional distress and for damage to his personal property caused by Mr. Morgan's negligence. He sought damages in excess of $50,000 for "trauma, traumatic stress, psychological trauma, post[-] traumatic stress disorder, and emotional distress," Amended Complaint, 3/21/14, at ¶3, and $2,703.99 in personal property damages. *Id*. at ¶¶6-7. Summary judgment was granted in favor of Mr. Morgan on the property damage claim as Mr. Vincenzi signed a release of that claim in exchange for the sum of $3,212.74, and Mr. Vincenzi does not challenge that ruling on appeal. Trial Court Opinion, 6/11/15, at 4-5; Order, 6/11/15.

After the close of the pleadings, Mr. Morgan filed a motion for summary judgment and brief in support on the remaining claim for negligent

infliction of emotional distress. He alleged that Mr. Vincenzi, who was located in his second floor bedroom at the time of the accident, was not injured, did not witness the incident, and did not know what had occurred until he looked out his bedroom window. Motion for Summary Judgment, 3/23/15, at ¶¶ 14-16. Based on those facts, he claimed that Mr. Vincenzi could not, as a matter of law, recover damages for negligent infliction of emotional distress because he was not in the zone of danger. *Id*. at ¶¶17-18, 22.

In opposition to summary judgment, Mr. Vincenzi claimed that he was in the zone of danger based on his location and perceptions during the accident. Opposition to Motion for Summary Judgment, 4/15/15, at ¶¶14-16. Specifically, he alleged that, since his bedroom was located above the kitchen, he heard the impacts and felt the building shake. *Id*. at ¶¶14-15. He was terrified and worried that he might have a heart attack as he felt chest pressure. *Id*. at ¶16.

The trial court granted Mr. Morgan's motion for summary judgment on the claim for negligent infliction of emotional distress, concluding that Mr. Vincenzi was not within the zone of danger. Furthermore, the court found that, since Mr. Vincenzi did not see the crash, he did not know what happened until the incident was over, and thus, could not have feared that he would be impacted by the truck. Trial Court Opinion, 6/11/15, at 7.

Mr. Vincenzi filed a motion for reconsideration of the court's order granting summary judgment, which was denied on June 22, 2015. He timely appealed to this Court and challenges the trial court's grant of summary judgment on his negligent infliction of emotional distress claim. Specifically, he maintains that he was awake, heard every sound in the sequence of events, felt the building shake, knew the front of the building had been impacted, and feared for his life, and thus he can maintain this action for negligent infliction of emotional distress.[3]

In reviewing the trial court's entry of summary judgment, our scope of review is plenary. *Basile v. H & R Block, Inc.*, 761 A.2d 1115, 1118 (Pa. 2000). "Our standard of review is clear: the trial court's order will be reversed only where it is established that the court committed an error of law or clearly abused its discretion." *Id*.

> Summary judgment is appropriate only in those cases where the record clearly demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. The reviewing court must view the record in the light most favorable to the nonmoving party, resolving all doubts as to the existence of a genuine issue of material fact against the moving party. When the facts are so clear that reasonable minds cannot differ, a trial court may properly enter summary judgment.

---

[3] Mr. Vincenzi's statement of the questions presented in his *pro se* brief does not comport with our appellate rules. Nonetheless, we can discern his argument and we will address it on its merits.

- 4 -

*Atcovitz v. Gulph Mills Tennis Club*, 812 A.2d 1218, 1221-1222 (Pa. 2002) (internal citations omitted).

> At issue is a claim for negligent infliction of emotional distress.
>
> [T]he cause of action for negligent infliction of emotional distress is restricted to four factual scenarios: (1) situations where the defendant had a contractual or fiduciary duty toward the plaintiff; (2) the plaintiff was subjected to a physical impact; (3) the plaintiff was in a zone of danger, thereby reasonably experiencing a fear of impending physical injury; or (4) the plaintiff observed a tortious injury to a close relative.

*Weiley v. Albert Einstein Med. Ctr.*, 51 A.3d 202, 217 (Pa.Super. 2012) (citations omitted). The parties agree that the third scenario, the zone of danger, is implicated herein. The zone of danger rule affords a cause of action for negligent infliction of emotional distress where "the plaintiff was in personal danger of physical impact because of the direction of a negligent force against him and where plaintiff actually did fear the physical impact." *Schmidt v. Boardman Co.*, 11 A.3d 924, 948 (Pa. 2011) (quoting *Niederman v. Brodsky*, 261 A.2d 84 (Pa. 1970)).

Mr. Vincenzi maintains that he is entitled to recover for his post-traumatic stress syndrome and inability to sleep as he was in the zone of danger based on his location. Additionally, he cites *Neff v. Lasso*, 555 A.2d 1304 (Pa.Super. 1989), in support of his contention that, although he did not see the impact, his fear of injury stemmed from his contemporaneous observance of the impact through his other senses.

The threshold question is whether Mr. Vincenzi was in the zone of danger. The trial court found that "there were no facts of record to indicate that Vincenzi was ever in danger of physical impact." Trial Court Opinion, 6/11/15, at 7. We agree. Mr. Vincenzi offered no evidence that the negligent force was aimed at him or placed him in personal danger of physical injury. Had he been located in the front yard, the kitchen, or even the first floor of his home when the vehicle crashed into the building, he could plausibly maintain that he was in danger from the impact of the vehicle. Viewing the evidence in the light most favorable to Mr. Vincenzi, as we must, there is simply no proof that he was in the zone of danger.

The trial court concluded that Mr. Vincenzi "could not have been afraid that he was going to be struck by the force of the truck because he did not know that the incident occurred until after it was over." Trial Court Opinion, 6/11/15, at 7. Mr. Vincenzi argued, based upon *Neff*, *supra*, that although he did not see the impact, his fear stemmed from his contemporaneous observation of the impact through his other senses. We find Mr. Vincenzi's underlying argument persuasive although *Neff* is factually and legally inapposite.

*Neff* was a bystander case. A bystander, one who is not within the zone of danger himself, can recover for the shock sustained from his contemporaneous observation of an impact upon a close family member. Therein, wife was washing dishes and looking out the window. She saw her

husband's vehicle stopped in preparation for turning into their driveway, observed a second vehicle approaching from the rear at a high rate of speed, glanced away briefly, and then heard the vehicle crash into her husband's vehicle. The issue therein was whether wife contemporaneously observed the impact. We held that wife's aural perception of the impact, when considered together with her visual observations both before and after impact, produced sufficient direct and immediate awareness of the impact to her husband to foreseeably result in emotional injury. Wife's awareness from all individual senses and memory were determinative of whether the shock resulted from a "sensory and contemporaneous" observance of the accident involving her husband.

In this zone of danger case, contemporaneous observance is not the issue. Had Mr. Vincenzi been in the zone of danger, the question would have been whether he feared injury from impact. Mr. Vincenzi contended that due to the noise associated with repeated vehicle collisions and the shaking from the truck's impact into the front of his home, he feared he was in danger of physical injury from impact. We disagree with the trial court that Mr. Vincenzi could not fear impact because he did not know what occurred, *i.e.*, did not see what happened, until it was over. As we recognized in **Neff**, aural and other sensory perceptions of an impact, not just visual observance, may cause or contribute to fear and emotional injury. Whether Mr. Vincenzi feared physical injury from impact was not dependent

on his knowledge or observance of the precise instrumentality of impact. His other sensory impressions of the collisions may have supported a finding that he feared injury from impact. Absent evidence that Mr. Vincenzi was in the zone of danger, however, we do not reach this issue.

Order affirmed.

Judge Olson joins the Memorandum.

Judge Strassburger files a Dissenting Statement.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/18/2016